# Court of Appeals
# of the State of Georgia

ATLANTA,  July 06, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2050. JAYLEND GLISPIE v. THE STATE.**

Jaylend Glispie, appearing pro se, appeals directly to this Court from the trial court's order revoking his probation. We lack jurisdiction for two reasons.

First, Glispie has no right of direct appeal from the trial court's order. Under OCGA § 5-6-35(a)(5), appeals from probation revocation orders must be made by application for discretionary review. *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999). And because compliance with the discretionary appeals procedure is jurisdictional, failure to comply with that procedure, where applicable, requires dismissal of the appeal. *Hair Restoration Specialists v. State of Georgia*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021).

Furthermore, even if Glispie were entitled to a direct appeal, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Yanes v. Escobar*, 362 Ga. App. 896, 898 (870 SE2d 506) (2022). Here, Glispie's notice of appeal was filed 49 days after entry of the trial court's order, meaning that his appeal is untimely.

Given our lack of jurisdiction, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/06/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*